The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHI CHEN, PI-CHUAN CHANG, PI-SHAN CHANG, SHUQIN CHEN, XIANGLI CHEN, BINGXIN FAN, QIANG GUO, JINSONG HUANG, LIHUA HUANG, JIAPING JIANG, XIAOWEN JIN, CHENMIN LI, JINGHAN LI, YUN LIU, XIAOWEN PAN, XIAOLI SONG, JINGUO WANG, JIE XIONG, BIN XU, LU YU, QIANG ZHAO, YANYI ZHAO, WENQUAN ZHI, QUAN ZHOU, YIQIN CHEN, KE LI, MING LI, LEI WANG, and ZHISHENG YUAN,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION; QUARTZBURG GOLD, LP; ISR CAPITAL, LLC; IDAHO STATE REGIONAL CENTER, LLC; AND SIMA MUROFF,<br><br>Defendants. | CASE NO. 2:16-cv-01109-RSM<br><br>**SECOND AMENDED COMPLAINT** |

Plaintiffs bring this action against Defendants and for their claims allege as follows:

## **PARTIES, JURISDICTION & VENUE**

1. Plaintiffs Chi Chen, Shuqin Chen, Xiangli Chen, Yiqin Chen, Bingxin Fan, Qiang Guo, Jinsong Huang, Lihua Huang, Jiaping Jiang, Xiaowen Jin, Ke Li, Chenmin Li, Jinghan Li, Ming Li, Yun Liu, Xiaowen Pan, Xiaoli Song, Jinguo Wang, Lei Wang, Jie Xiong, Bin Xu, Lu Yu, Zhisheng Yuan, Qiang Zhao, Yanyi Zhao, Wenquan Zhi, and Quan Zhou are individuals and

SECOND AMENDED COMPLAINT - 1
CASE NO. **2**:16-cv-01109-RSM

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

citizens and residents of the People's Republic of China. Plaintiffs Pi-Chuan Chang and Pi-Shan Chang are individuals and citizens and residents of the Republic of China. Collectively, Plaintiffs are referred to herein as "Investors" and individually as "Investor."

2. On information and belief, U.S. Bank National Association ("U.S. Bank") is a nationally charted bank with its main office in Ohio, its principal place of business in Minneapolis, Minnesota, and several branches and banking offices across the United States, including in Utah and Washington.

3. On information and belief, Quartzburg Gold, LP ("Quartzburg") is an Idaho limited partnership and citizen of Idaho with no currently existing actual limited partners and one general partner named ISR Capital LLC.

4. On information and belief, ISR Capital, LLC ("ISR Capital") is an Idaho limited liability company whose sole member is Sima Muroff.

5. On information and belief, Idaho State Regional Center, LLC ("ISRC") is an Idaho limited liability company whose sole member is Sima Muroff.

6. On information and belief, Sima Muroff is an individual who is a citizen and resident of Idaho.

7. The amount in controversy exceeds $75,000, exclusive of interest and costs.

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(2).

9. This Court also has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1367.

10. Venue is proper under 28 U.S.C. § 1391.

## **GENERAL ALLEGATIONS**

11. On or about April 16, 2012, Quartzburg (through ISR Capital), U.S. Bank, and ISRC entered into a Master Escrow Agreement.

SECOND AMENDED COMPLAINT - 2
CASE NO. **2**:16-cv-01109-RSM

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

12. Pursuant to the Master Escrow Agreement, Quartzburg was the "Issuer" and U.S. Bank was the "Escrow Agent."

13. The Master Escrow Agreement was intended to facilitate investment by and to protect foreign persons (like the Investors) interested in potentially investing in Quartzburg for the purpose of qualifying for the EB-5 U.S. immigration investor program.

14. The Master Escrow Agreement contemplated that numerous Investors would execute a Joinder to the Master Escrow Agreement (each an "Escrow Joinder") and each place at least $500,000 in escrow. A copy of the Master Escrow Agreement is attached hereto as Exhibit A.

15. After the project was fully "subscribed" in this manner, Quartzburg and the Investors would submit immigration petitions to the United States Citizenship and Immigration Services ("USCIS"), which is a component of the U.S. Department of Homeland Security.

16. Upon receipt of such a petition, USCIS will routinely acknowledge the receipt of an immigration petition (an "Acknowledgement" which does not indicate approval of the petition, merely receipt). Subsequently, USCIS will evaluate the project and the petitions, may request additional information, and will ultimately either approve or deny the petitions (an "Approval" or "Denial"). An Approval is provisional in nature and relates to the project more than the individual, as USCIS will subsequently evaluate each Investor on a personal basis before allowing them to enter the U.S., and USCIS will continue to evaluate the project and the Investors before granting permanent resident status.

17. The Master Escrow Agreement allowed for disbursements of the Investors' escrowed funds only if certain conditions were met.

18. Specifically, Section 4 of the Master Escrow Agreement provides: "Escrow Agent shall disburse Escrow Funds at any time and from time to time, upon receipt of, and in accordance with a Written Direction. . . ."

SECOND AMENDED COMPLAINT - 3
CASE NO. **2**:16-cv-01109-RSM

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

19. A "Written Direction" is a term defined by the Master Escrow Agreement that means:

> a Written Direction executed by the Issuer Representative directing Escrow Agent to disburse all or a portion of the Escrow Funds or to take or refrain from taking an action pursuant to this Master Escrow Agreement. In regard to any Written Direction to disburse all or a portion of the Escrow Funds as provided for herein, such Written Direction may only be in the form of Exhibit I attached to Schedule A hereto.

20. Exhibit I attached to Schedule A of the Master Escrow Agreement and each Escrow Joinder only allowed U.S. Bank to disburse the Investors' escrowed funds to Quartzburg upon the approval of an Investor's I-526 petition. Specifically, the Written Direction was required to attach either a Form I-797 Notice of Action or an Immigrant Visa Application Processing Fee Bill Invoice issued by the U.S. Department of State National Visa Center to the Written Direction "evidencing Investor's I-526 petition approval."

21. By their execution of the Master Escrow Agreement, Quartzburg, U.S. Bank, ISR Capital, and ISRC each represented that an Investor's escrowed funds would not be released to Quartzburg prior to the approval of that Investor's I-526 petition.

22. Quartzburg gave each Investor a Confidential Offering Memorandum which also stated that no Investor's escrowed funds would be released to Quartzburg until the Investor received an Approval of their immigration petition from USCIS.

23. The Confidential Offering Memorandum further represented that the Quartzburg project complied with the requirements of the EB-5 program in all respects.

24. The Quartzburg limited partnership documents likewise contemplate that no Investor's escrowed funds would be released to Quartzburg until the Investor received an Approval of their immigration petition from USCIS, and that no Investor would become a Limited Partner until such an Approval was received and the escrowed funds properly released. A copy of the Limited Partnership Agreement of Quartzburg Gold, LP is attached hereto as Exhibit B.

SECOND AMENDED COMPLAINT - 4
CASE NO. 2:16-cv-01109-RSM

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

25. Each Investor executed an Escrow Joinder and deposited at least $500,000 in escrow with U.S. Bank as escrow agent (collectively, the "Escrowed Funds").

26. Quartzburg (through ISR Capital and Muroff), and U.S. Bank (through a Vice President located in Salt Lake City), countersigned each Escrow Joinder.

27. U.S. Bank took the funds into its Corporate Trust Services branch and provided a receipt for each Investor's Escrowed Funds by letter from a Vice President located at its Salt Lake City office.

28. Each Investor also executed a subscription agreement and other documents for a potential interest in Quartzburg, which was countersigned by ISR Capital and Sima Muroff, as General Partner of Quartzburg.

29. Immigration petitions for each Investor and the project were then submitted to USCIS.

30. The Investors received acknowledgements from USCIS that stated only that USCIS had received the petitions, but specifically did not indicate approval of the petitions (collectively, the "Acknowledgements").

31. None of the Investors' I-526 petitions were ever approved, and ultimately USCIS denied the I-526 petitions, citing deficiencies with the Quartzburg project that did not comply with the requirements of the EB-5 program.

32. Quartzburg and Muroff intended to fraudulently obtain the Escrowed Funds by asserting that the Acknowledgements were actually Approvals.

33. After receiving the Acknowledgements, Quartzburg requested that U.S. Bank release the Investors' Escrowed Funds on the basis of those Acknowledgements.

34. Quartzburg submitted requests to U.S. Bank that it disburse the Investor's Escrowed Funds to Quartzburg.

35. The disbursement requests submitted by Quartzburg to U.S. Bank were not in the form of a Written Direction as defined by the Master Escrow Agreement.
SECOND AMENDED COMPLAINT - 5
CASE NO. **2**:16-cv-01109-RSM

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

36. The disbursement requests submitted by Quartzburg to U.S. Bank did not attach copies of either the Investors' Form I-797 Notices of Action or Immigrant Visa Application Processing Fee Bill Invoices issued by the U.S. Department of State National Visa Center evidencing Investor's I-526 petition approval.

37. Quartzburg and Muroff knew at the time they made the disbursement requests that the Acknowledgements were not Approvals and that Quartzburg was not entitled to the release of the Escrowed Funds.

38. Quartzburg and Muroff knew at the time they made the disbursement requests that the form of request they were using did not comply with the Master Escrow Agreement and the Escrow Joinders.

39. U.S. Bank disbursed the Investors' Escrowed Funds to Quartzburg after receiving Quartzburg's disbursement requests.

40. At the time that it released the Escrowed Funds to Quartzburg, U.S. Bank knew or should have known that Quartzburg's disbursement requests (a) were not in the form of Exhibit I attached to Schedule A to the Master Escrow Agreement; (b) did not attach copies of either an Investor's Form I-797 Notice of Action or an Immigrant Visa Application Processing Fee Bill Invoice issued by the U.S. Department of State National Visa Center evidencing Investor's I-526 petition approval; and (c) did not comply with the requirements of the Master Escrow Agreement and the Escrow Joinders.

41. Neither Quartzburg nor U.S. Bank notified the Investors that Quartzburg had requested disbursements of their Escrowed Funds or that U.S. Bank had disbursed the funds to Quartzburg.

42. After the Escrowed Funds had been improperly disbursed, Quartzburg received a request that it return the funds to escrow and notify U.S. Bank that the immigration petitions were denied and the funds should be returned to the Investors, under both the terms of the Master Escrow Agreement and the Limited Partnership Agreement.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

43. Quartzburg refused to return the Escrowed Funds.

44. After Quartzburg refused to return the Escrowed Funds, U.S. Bank received a request that U.S. Bank return the Escrowed Funds that should have still remained in escrow, as the Master Escrow Agreement required upon denial of the immigration petitions.

45. U.S. Bank has failed to return the Escrowed Funds to the Investors.

### COUNT I
### Breach of Contract and Duty of Good Faith and Fair Dealing

46. Investors reallege the foregoing allegations of this Complaint as if set forth fully herein.

47. The Master Escrow Agreement, as modified by each Joinder in Master Escrow Agreement (the "Escrow Contract"), is an enforceable contract as against all the Defendants.

48. The subscription agreements and other partnership agreements (the "Quartzburg Agreements") are also enforceable contracts as against Quartzburg, ISR Capital, ISRC, and Muroff (collectively, the "Quartzburg Defendants").

49. Each contract also includes an implied duty of good faith and fair dealing.

50. Each Investor has performed his or her obligations under the Escrow Contract and the Quartzburg Agreements.

51. Defendants have breached the Escrow Contract and the Quartzburg Defendants have breached the Quartzburg Agreements and the duty of good faith and fair dealing implied in those contracts in at least the following ways:

    a. By seeking and allowing release of the Escrowed Funds before any Approvals were received;

    b. By asserting that U.S. Bank should release the Escrowed Funds based upon Acknowledgements rather than Approvals;

    c. By using and accepting a request for release of funds that did not comply with the form required by the Escrow Contract;

SECOND AMENDED COMPLAINT - 7
CASE NO. **2**:16-cv-01109-RSM

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

      d. By releasing the Escrowed Funds to Quartzburg;

      e. By failing to investigate and evaluate the requests for release of funds;

      f. By failing to notify the Investors of the non-complying requests;

      g. By failing to notify the Investors of the improper release of the Escrowed Funds;

      h. By failing to safeguard the Escrowed Funds according to the terms of the Escrow Contract;

      i. By failing to return the Escrowed Funds to the Investors upon proper request; and

      j. By failing to cure their breaches on demand.

52. Defendants' breaches have caused each Investor damage by the loss of their Escrowed Funds, along with other damages to be proven at trial, interest, attorneys fees, and costs.

### COUNT II
**Breach of Fiduciary Duty (Dismissed By Court Order)**

### COUNT III
**Conversion/Monies Had and Received**

53. Investors reallege the foregoing allegations of this Complaint as if set forth fully herein.

54. Investors own the Escrowed Funds and have a right to the return of those funds on demand.

55. The Quartzburg Defendants have no right to the Escrowed Funds.

56. The Quartzburg Defendants have improperly taken and used the Escrowed Funds with the intent to deprive Investors of the use and possession of their funds.

57. The Quartzburg Defendants' conduct has caused each Investor damage by the loss of their Escrowed Funds, along with other damages to be proven at trial, interest, attorneys fees, and costs.

SECOND AMENDED COMPLAINT - 8
CASE NO. **2**:16-cv-01109-RSM

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

# COUNT IV
## Federal Securities Fraud
### (asserted against the Quartzburg Defendants)

58. Investors reallege the foregoing allegations of this Complaint as if set forth fully herein.

59. An interest in Quartzburg Gold, LP is a security under federal law (the "Quartzburg Security").

60. The Quartzburg Defendants offered and entered into a contract to sell the Quartzburg Security to Investors.

61. This conduct constitutes the offer, sale of purchase of a security, directly or indirectly.

62. In connection with the security transactions, the Quartzburg Defendants falsely stated that the Escrowed Funds were protected and would not be disbursed unless the Investors received Approvals of their I-526 petitions. These statements can be found in the Confidential Offering Memorandum, the Escrow Contract, written receipts of funds, and in oral statements from the Quartzburg Defendants to Investors or their agents.

63. At the time they made those statements, the Quartzburg Defendants knew they were false and intended to seek and release the Escrowed Funds before any Approvals were received and regardless of the Approval or Denial of the Investors' petitions.

64. In connection with the security transactions, the Quartzburg Defendants requested release of the Escrowed Funds on the basis of Acknowledgements rather than Approvals, intending to deceive Investors and other parties about the status of the immigration petitions and the Quartzburg Defendants' right to receipt of the Escrowed Funds.

65. The Quartzburg Defendants knew those requests were deceptive, inaccurate, and improper at the time they were made.

66. This conduct was willful and intentional and was a device, scheme, or artifice to defraud the Investors and/or operated as a fraud or deceit upon the Investors.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

67. Each of the Quartzburg Defendants was a participant in the scheme, and Muroff was the owner, manager, and a control person of each of the Quartzburg Defendants.

68. In addition, the Quartzburg Defendants omitted to state material facts necessary to make their other statements regarding the Quartzburg security not misleading.

69. Investors reasonably relied upon the misrepresentations of the Quartzburg Defendants and on the nonexistence of the material facts omitted by the Quartzburg Defendants in subscribing to the Quartzburg security, depositing the Escrowed Funds, and engaging in the other security transactions identified herein.

70. The Quartzburg Defendants' conduct proximately caused Investors to suffer injury in that they have now lost their Escrowed Funds and the use of those funds, have been denied immigration to the U.S., they have and may in the future incur substantial additional costs for additional legal advice, and other damages to be proven at trial.

71. Defendants are therefore liable to Investors for damages suffered in an amount not less than $500,000 per Investor, together with statutory pre- and post-judgment interest, plus costs and attorneys fees, all in an amount to be proved at trial.

## COUNT V
### State Securities Fraud
### (asserted against the Quartzburg Defendants)

72. Investors reallege the foregoing allegations of this Complaint as if set forth fully herein.

73. Quartzburg is an Idaho business entity, and the sale of the Quartzburg Security is governed by Idaho securities laws.

74. An interest in Quartzburg Gold, LP is a security under Idaho law.

75. The Quartzburg Defendants offered and entered into a contract to sell the Quartzburg Security to Investors.

76. This conduct constitutes the offer, sale of purchase of a security, directly or indirectly.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

77. In connection with the security transactions, the Quartzburg Defendants falsely stated that the Escrowed Funds were protected and would not be disbursed unless the Investors received Approvals of their I-526 petitions. These statements can be found in the Confidential Offering Memorandum, the Escrow Contract, written receipts of funds, and in oral statements from the Quartzburg Defendants to Investors or the Investor's agents.

78. At the time they made those statements, the Quartzburg Defendants knew they were false and intended to seek and release the Escrowed Funds before any Approvals were received and regardless of the approval or denial of the Investors' petitions.

79. In connection with the security transactions, the Quartzburg Defendants requested release of the Escrowed Funds on the basis of Acknowledgements rather than Approvals, intending to deceive Investors and other parties about the status of the immigration petitions and the Quartzburg Defendants' right to receipt of the Escrowed Funds.

80. The Quartzburg Defendants knew those requests were deceptive, inaccurate and improper at the time they were made.

81. In connection with the security transactions, U.S. Bank stated that it had properly released the Escrowed Funds, making those notations on bank statements related to the escrow accounts, and correspondence to the Investors or their agents.

82. At the time U.S. Bank made those statements, it knew or should have known that they were false and that it had improperly released the Escrowed Funds without any Approvals.

83. This conduct was willful and intentional and was a device, scheme, or artifice to defraud the Investors and/or operated as a fraud or deceit upon the Investors.

84. Each of the Defendants was a participant in the scheme, and Muroff was the owner, manager, and a control person of each of the Quartzburg Defendants.

85. In addition, Defendants omitted to state material facts necessary to make their other statements regarding the Quartzburg security not misleading.

SECOND AMENDED COMPLAINT - 11
CASE NO. **2**:16-cv-01109-RSM

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

86. Investors reasonably relied upon the misrepresentations of the Quartzburg Defendants and on the nonexistence of the material facts omitted by the Quartzburg Defendants in subscribing to the Quartzburg security, depositing the Escrowed Funds, and engaging in the other security transactions identified herein.

87. The Quartzburg Defendants' conduct proximately caused Investors to suffer injury in that they have now lost their Escrowed Funds and the use of those funds, have been denied immigration to the U.S., they have and may in the future incur substantial additional costs for additional legal advice, and other damages to be proven at trial.

88. The Quartzburg Defendants are therefore liable to Investors for damages suffered in an amount not less than $500,000 per Investor, together with statutory pre- and post-judgment interest, plus costs and attorneys fees, all in an amount to be proved at trial.

89. In addition, since Defendants' conduct was reckless and/or intentional, the Quartzburg Defendants are liable to Investors for treble damages, all in an amount to be proved at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Investors pray for judgment as follows:

A. An award of damages in the amount of not less than $500,000 per Investor as against Defendants;

B. An award of additional damages in an amount to be determined at trial as against Defendants;

C. An award of attorneys fees and costs as against Defendants;

D. An award of treble damages under State law as against the Quartzburg Defendants; and

E. An award of such other and further relief as the Court deems just and equitable.

SECOND AMENDED COMPLAINT - 12
CASE NO. **2**:16-cv-01109-RSM

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

DATED this 23rd day of January, 2017.

Respectfully submitted,

SUMMIT LAW GROUP PLLC
*Attorneys for Plaintiffs Chi Chen, Shuqin Chen, Xiangli Chen, Yiqin Chen, Bingxin Fan, Qiang Guo, Jinsong Huang, Lihua Huang, Jiaping Jiang, Xiaowen Jin, Ke Li, Chenmin Li, Jinghan Li, Ming Li, Yun Liu, Xiaowen Pan, Xiaoli Song, Jinguo Wang, Lei Wang, Jie Xiong, Bin Xu, Lu Yu, Zhisheng Yuan, Qiang Zhao, Yanyi Zhao, Wenquan Zhi, and Quan Zhou*

By *s/ Steven O. Fortney*
   Steven O. Fortney, WSBA #44704
   Lawrence C. Locker, WSBA #15819
   SUMMIT LAW GROUP PLLC
   315 Fifth Avenue S., Suite 1000
   Seattle, WA 98104-2682
   *stevef@summitlaw.com*
   *larryl@summitlaw.com*

By *s/ Michael D. Black*
   Michael D. Black, UT 9132 (*Pro hac vice*)
   Rita M. Cornish, UT 11293 (*Pro hac vice*)
   PARR BROWN GEE & LOVELESS, P.C.
   101 S. 200 E., Suite 700
   Salt Lake City, UT 84111
   *mblack@parrbrown.com*
   *rcornish@parrbrown.com*


MONTGOMERY PURDUE BLANKINSHIP & AUSTIN PLLC
*Attorneys for Plaintiff Xinyuan Mu*

By *s/ Benjamin I. VandenBerghe*
   Benjamin I. VandenBerghe, WSBA #35477
   Michelle E. Kierce, WSBA #48051
   MONTGOMERY PURDUE BLANKINSHIP & AUSTIN PLLC
   701 Fifth Avenue, Suite 5500
   Seattle, WA 98104
   *biv@mpba.com*
   *mkierce@mpba.com*

SECOND AMENDED COMPLAINT - 13
CASE NO. **2**:16-cv-01109-RSM

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

| | |
|---|---|
| 1 | By *s/ Matthew Sava* |
| 2 | Matthew Sava, NYSB #2673788 |
| 3 | Han Liang, NYSB #5328513 |
|   | REID & WISE LLC |
| 4 | One Penn Plaza, Suite 2015 |
|   | New York, NY 10119 |
| 5 | sava@reidwise.com |
|   | hliang@reidwise.com |

SECOND AMENDED COMPLAINT - 14
CASE NO. **2**:16-cv-01109-RSM

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

# CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Peter S. Ehrlichman
Shawn Larsen-Bright
DORSEY & WHITNEY LLP
701 Fifth Avenue, Suite 6100
Seattle, WA 98104-7043
*ehrlichman.peter@dorsey.com*
*larsen.bright.shawn@dorsey.com*
***Attorneys for Defendant U.S. Bank National Association***

Eric B. Swartz
JONES & SWARTZ PLLC
623 W. Hays Street
Boise, ID 83702
*eric@jonesandswartzlaw.com*
***Attorneys for Defendants Quartzburg Gold, LP, ISR Capital LLC, Idaho State Regional Center, LLC, and Sima Muroff***

Thomas M. Brennan
Krysta A. Liveris
MCKAY CHADWELL, PLLC
600 University Street, Suite 1601
Seattle, WA 98101-4124
*tmb@mckay-chadwell.com*
*kal@mckay-chadwell.com*
***Attorneys for Defendants Quartzburg Gold, LP, ISR Capital LLC, Idaho State Regional Center, LLC, and Sima Muroff***

Matthew Sava
Han Liang
REID & WISE LLC
One Penn Plaza, Suite 2015
New York, NY 10119
*sava@reidwise.com*
*liang@reidwise.com*
***Attorneys for Plaintiff Xinyuan Mu***

SECOND AMENDED COMPLAINT - 15
CASE NO. **2**:16-cv-01109-RSM

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Ben VandenBerghe
Michelle E. Kierce
MONTGOMERY PURDUE BLANKINSHIP & AUSTIN PLLC
701 Fifth Avenue, Suite 5500
Seattle, WA 98104
*biv@mpba.com*
*mkierce@mpba.com*
**Attorneys for Plaintiff Xinyuan Mu**

Michael D. Black
Rita M. Cornish
PARR BROWN GEE & LOVELESS, P.C.
101 S. 200 E., Suite 700
Salt Lake City, UT 84111
*mblack@parrbrown.com*
*rcornish@parrbrown.com*
**Attorneys for Plaintiffs Chi Chen, Shuqin Chen, Xiangli Chen, Yiqin Chen, Bingxin Fan, Qiang Guo, Jinsong Huang, Lihua Huang, Jiaping Jiang, Xiaowen Jin, Ke Li, Chenmin Li, Jinghan Li, Ming Li, Yun Liu, Xiaowen Pan, Xiaoli Song, Jinguo Wang, Lei Wang, Jie Xiong, Lu Yu, Zhisheng Yuan, Qiang Zhao, Yanyi Zhao, Wenquan Zhi, and Quan Zhou**

DATED this 23rd day of January, 2017.

*s/ Karen M. Lang*
Karen M. Lang - Legal Assistant
Summit Law Group PLLC

SECOND AMENDED COMPLAINT - 16
CASE NO. 2:16-cv-01109-RSM

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001