UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHI CHEN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION, et al.,<br><br>Defendants. | Case No. C16-1109 RSM<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL |

This matter comes before the Court on Defendant U.S. Bank National Association ("U.S. Bank")'s Motion to Compel. Dkt. #135. Plaintiffs oppose. Dkt. #139.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1).

ORDER GRANTING DEFENDANT'S MOTION TO COMPEL - 1

The party that resists discovery has the burden to show why the discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

Plaintiffs in this case previously filed a Motion for Extension of Time to Respond to Written Discovery. Dkt. # 117. They requested the extension due to logistical issues associated with responding to discovery on behalf of 93 Plaintiffs (nearly all of whom are non-English speaking and live in China). *Id*. On January 3, 2019, the Court denied the Motion and ordered Plaintiffs to respond to U.S. Bank's discovery requests no later than February 10, 2019. Dkt. #125 at 3. On February 10, Plaintiffs served written responses and objections to U.S. Bank's interrogatories. Dkt. #137 ("Larsen-Bright Decl."), ¶ 9. To date, Plaintiffs have not made any further productions of documents. *Id*. U.S. Bank sought, *inter alia*, Plaintiffs' communications regarding their EB-5 investment, their I-526 petitions filed with USCIS, and documents relied upon in making their EB-5 investment. *See* Dkt. #137-1.

U.S. Bank brings this Motion because Plaintiffs produced only a small fraction of the requested documents. The February 10 production included documents from only 11 of the 93 Plaintiffs, and nearly the entire production consisted of documents from just 4 of the 93 Plaintiffs. Larsen-Bright Decl. at ¶ 10. U.S. Bank believes Plaintiffs have not produced responsive email and WeChat communications. *See* Dkt. #135 at 5. It appears likely that Plaintiffs have failed to produce their complete immigration files, including files or other documents maintained by their immigration agents and immigration counsel.

In Response, Plaintiffs "admit they have not complied with the Court's order" setting a February 10, 2019, production deadline. Dkt. #139 at 3. Plaintiffs argue that "[i]n retrospect, the 90 days requested by Plaintiffs' previous counsel was not enough, in large part because nearly all of the 93 Plaintiffs live in mainland China and few speak English." *Id*. Plaintiffs

ORDER GRANTING DEFENDANT'S MOTION TO COMPEL - 2

discuss the challenges of reviewing documents written in Chinese prior to production. They contest U.S. Bank's assertion that no immigration files have been produced. Plaintiffs' counsel asserts that they have "written to all 93 Plaintiffs in Chinese stressing the need for them to produce any WeChat messages that relate in any way to their EB-5 investments or this case, and if there are any such documents, they will be produced." *Id*. at 6. Plaintiffs move to strike the portions of a declaration submitted by U.S. Bank relating to WeChat based on a lack of personal knowledge. *Id*. Plaintiffs argue that U.S. Bank has the burden of proving that Plaintiffs have a "culpable state of mind" before this Court can award discovery sanctions. *Id*. at 8.

On Reply, U.S. Bank reiterates that the Court has already denied Plaintiffs' request for additional time and highlights how the delay in obtaining these documents is prejudicing U.S. Bank as it prepares for depositions of Plaintiffs to occur this month. Dkt. #143 at 3. U.S. Bank points out that it is not seeking discovery sanctions at this time, and therefore it is irrelevant whether Plaintiffs have a culpable state of mind. *Id*. at 7 n.10. Instead, U.S. Bank is seeking only cost-shifting under Rule 37(a)(5)(A), which requires the Court to award fees and costs associated with this Motion unless Plaintiffs demonstrate their conduct has been substantially justified.

As the Court has previously noted, this case has been ongoing since the end of 2015. The initial discovery requests from U.S. Bank were served on March 3, 2017. Dkt. #120 at ¶ 2 and Ex. A. The Court is sympathetic to Plaintiffs' difficulties in responding to discovery, however the Court cannot ignore that Plaintiffs have had significant time to review these discovery requests, and that their counsel has had sufficient time to inform them of their legal obligations to produce relevant material. Plaintiffs have chosen to pursue this case with a firm that does not have sufficient attorneys who read or speak their language. The prejudice to U.S.

ORDER GRANTING DEFENDANT'S MOTION TO COMPEL - 3

Bank in failing to produce these documents on time has been significant, given the formidable task of deposing 93 Plaintiffs located in China. Plaintiffs concede that they have failed to disclose requested materials and provide no adequate reason for that failure. Given all of the above, the Court grants the relief requested by U.S. Bank. The Court further finds no basis to strike that portion of the declaration submitted by Defendant related to WeChat, as it was not relied on for this Court's ruling.

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1. Defendant U.S. Bank's Motion to Compel (Dkt. #135) is GRANTED.
2. Plaintiffs shall produce all non-privileged documents responsive to U.S. Bank's Requests for Production of Documents contained in its First Set of Interrogatories and Requests for Production (reissued November 8, 2019) no later than **30 days from the date of this Order**. This production shall include, without limitation, complete sets of Plaintiffs' immigration files and submissions to United States Citizenship and Immigration Services (with all exhibits); all responsive non-privileged documents in the physical possession of their immigration agents or immigration counsel; and all responsive non-privileged documents and communications (including email and other electronic communications such as WeChat) relating to any of the Plaintiffs in this case, to Plaintiffs' participation in the EB-5 program, to Plaintiffs' involvement with Quartzburg Gold LP, to Plaintiffs' investment or investment decision, or to Plaintiffs' potential claims in this case; among others.

3. No later than **31 days** from the date of this Order, Plaintiffs' counsel shall file a representation with the Court, detailing Plaintiffs' compliance with this Order on a plaintiff-by-plaintiff basis and identifying any remaining issues with discovery.

4. U.S. Bank may file a motion and declaration detailing its reasonable expenses incurred in bringing this Motion to be filed no later than **10 days** after this Order. The motion should be noted for consideration pursuant to Local Civil Rule 7(d). Plaintiffs may respond to the motion as set forth in that local rule.

DATED this 28th day of June 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE