UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHI CHEN, et al., | Case No. 16-1109RSM |
| Plaintiffs, | ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEY FEES |
| v. | |
| U.S. BANK NATIONAL ASSOCIATION, et al., | |
| Defendants. | |

This matter comes before the Court on Defendant U.S. Bank National Association ("U.S. Bank")'s Motion for Fee Award. Dkt. #149. The Court has previously granted U.S. Bank's Motion to Compel. Dkt. #147. Plaintiffs respond to the instant Motion by stating they "do not contest the ability of U.S. Bank to obtain fees, nor in general terms how U.S. Bank supports its request for fees," but they argue certain fees should be reduced and that the fees should be paid for by only certain of the Plaintiffs. Dkt. #151.

Rule 37 provides that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Rule 37(a)(5)(A). District courts

ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEY FEES - 1

have broad discretion to determine the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). To make this determination, courts determine the "lodestar amount," which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The lodestar figure is presumptively a reasonable fee award. *Id*. at 977. The court may adjust the lodestar figure up or down based upon the factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir.1975). The court need not consider the *Kerr* factors, however, unless necessary to support the reasonableness of the fee award. *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir. 2002).

The Court agrees with the parties that fees should be awarded to U.S. Bank under Rule 37. The requested rates per hour are reasonable given the Court's experience of comparable rates for this kind of legal work, and in any event are not contested by Plaintiffs. However, Defendant's counsel's billing entries include activities beyond the scope awardable under Rule 37(a)(5)(A). The Court will only award fees associated with reasonable expenses incurred in researching and drafting the instant Motion and supporting declarations. The Court will not award fees representing a duplication of efforts without adequate explanation by the moving party.

Plaintiffs identify several apparent duplicative entries and question the overall amount of time spent on the relatively simple Motion to Compel. Dkt. #151 at 4. The Court agrees that the identified entries represent a duplication of efforts between multiple defense attorneys and will reduce the requested fees for these entries by half, $1,759.60.

The Court disagrees with Plaintiffs that time spent drafting the instant Motion for fees is not awardable under applicable law. However, the Court finds that the requested eight hours is

ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEY FEES - 2

excessive, given that the award of fees was not at issue. All the Court needed from U.S. Bank was a motion setting forth the applicable legal standard, presumably copied and pasted from a prior brief, a copy of the invoice or bill to the client for the time spent, and declarations supporting the rate requested. U.S. Bank provides no explanation for how defense counsel spent eight hours putting this together. The Court has determined, in its discretion, that a reasonable amount of time to draft the instant Motion would be half the hours requested, and will reduce the requested award by $1,609. The Court finds that U.S. Bank's request of $1,529 for time spent drafting the Reply brief is reasonable, given that the Reply is where U.S. Bank actually had to respond to legal arguments in defense of its requested award.

The Court agrees with U.S. Bank that this fee award is to be entered against all Plaintiffs. The Court is not convinced by Plaintiffs' thin arguments that some unnamed Plaintiffs are more culpable for the underlying discovery issue than others. In any event, Plaintiffs are free to work with their counsel to come to an agreement amongst themselves on how to make payment—this is not an issue for the Court to resolve.

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1. Defendant U.S. Bank's Motion for Fee Award, Dkt. #149, is GRANTED IN PART.
2. Plaintiffs shall pay Defendant U.S. Bank $24,540.60 in attorney's fees within forty (40) days of this Order, and file notice with the Court that payment has been made.

DATED this 23 day of July 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE