UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHI CHEN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>U.S. BANK NATIONAL ASSOCIATION, et al.,<br><br>    Defendants. | Case No. C16-1109 RSM<br><br>ORDER DENYING MOTION FOR RELIEF FROM DEADLINE AND GRANTING MOTION TO DISMISS CLAIMS BY PLAINTIFF YUE GU |

      This matter comes before the Court on Defendant U.S. Bank National Association ("U.S. Bank")'s Motion to Dismiss all Claims against U.S. Bank by Plaintiff Yue Gu and Plaintiff Gu's Motion for Relief from Deadline for Responding to the same Motion. Dkts. #167 and #189.

      Federal Rule of Civil Procedure 6(b)(1)(A) allows the Court, in its discretion, to extend the time for a party to respond "for good cause." However, "[a] motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline." LCR 7(j). Parties should not assume that the motion will be granted and must comply with the existing deadline unless the court orders otherwise." *Id*.

ORDER DENYING MOTION FOR RELIEF FROM DEADLINE AND GRANTING MOTION TO DISMISS CLAIMS BY PLAINTIFF YUE GU - 1

Plaintiff Gu's Motion for relief from a deadline was filed on October 24, 2019— a few days before the deadline to respond to Defendant's Motion to Dismiss but late enough that the Court could not rule on it prior to the deadline. Plaintiff Gu did not file an opposition to the Motion to Dismiss, instead assuming the Motion for Relief would be granted. Plaintiff Gu has violated Local Rule 7(j). Plaintiff Gu's reasons for requesting the extension are too thin. Gu relies on a separate Motion for counsel to withdraw, still pending before the Court. That Motion is based on vague disagreements between client and counsel. Gu argues that perhaps, once current counsel withdraws, he will be able to file an opposition. *See* Dkt. #189. The Court believes this argument is half-hearted at best, given that the factual basis for the underlying Motion to Dismiss is Gu's repeated failure to participate in discovery. *See* Dkt. #167. That Plaintiff Gu cannot be bothered to file an opposition is consistent with U.S. Bank's underlying accusations and inconsistent with a finding of good cause. The Court agrees with U.S. Bank's analysis that "[t]here is nothing in either motion indicating that Mr. Gu supports the actions of his attorneys, or desires to engage new counsel, or that he personally seeks, or reasonably needs, an extension of time." Dkt. #194 at 3. Accordingly, the Court denies Gu's Motion.

Turning to the Motion to Dismiss, U.S. Bank argues that Gu's claims should be dismissed under Rules 41(b) and 37(b)(2)(A) because he has failed to prosecute his claims, has violated the Civil Rules, and has violated this Court's orders. Dkt. #167 at 6. U.S. Bank runs through the factors set forth in *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) for failure to comply with court orders. *See id.* at 7–9.

Rule 41(b) states:

> Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and

ORDER DENYING MOTION FOR RELIEF FROM DEADLINE AND GRANTING MOTION TO DISMISS CLAIMS BY PLAINTIFF YUE GU - 2

any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Rule 37(b)(2)(A) states, in part: "If a party... fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following.... dismissing the action or proceeding in whole or in part... Fed. R. Civ. P. 37(b)(2)(A). This Court's Local Rule 7(b)(2) states: "Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."

The Court has reviewed U.S. Bank's briefing and considered Plaintiff Gu's failure to file a timely opposition. Given Gu's failure to comply with discovery requests and this Court's prior Order regarding the same and considering the public's interest in expeditious resolution of litigation, the Court's need to manage its docket, the risk of prejudice to Defendants, the public policy favoring disposition of cases on their merits, and the availability of less drastic sanctions, U.S. Bank has demonstrated that dismissal is warranted. *See* Dkt. #167 at 7 – 9 (citing *Malone*, *supra*).

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1. Plaintiff Gu's Motion for Relief from a Deadline (Dkt. #189) is DENIED.
2. Defendant U.S. Bank's Motion to Dismiss all Claims against U.S. Bank by Plaintiff Yue Gu (Dkt. #167) is GRANTED. All claims against U.S. Bank by Plaintiff Yue Gu are DISMISSED with prejudice.

//

ORDER DENYING MOTION FOR RELIEF FROM DEADLINE AND GRANTING MOTION TO DISMISS CLAIMS BY PLAINTIFF YUE GU - 3

DATED this 1st day of November 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE