UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHI CHEN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. BANK NATIONAL ASSOCIATION, et al., <br><br> Defendants. | Case No. C16-1109 RSM <br><br> ORDER RE: MOTION TO COMPEL FULL COMPLAINCE WITH COURT'S DISCOVERY ORDER |

This matter comes before the Court on Defendant U.S. Bank National Association ("U.S. Bank")'s Motion to Compel Full Compliance with Court's Discovery Order and a later Motion by the same party to file a supplemental brief. Dkts. #169 and #201. In addition to moving to compel discovery, U.S. Bank is seeking discovery sanctions against some Plaintiffs for their failure to comply with the Court's prior discovery Orders, Dkt. #125 and #147.

As an initial matter, U.S. Bank has also attempted to submit a supplemental brief to keep the Court updated on discovery. Dkt. #201. Plaintiffs oppose the filing of the brief. The Court finds that this briefing is unnecessary for the Court to resolve this Motion, that it essentially provides duplicative evidence, and that the Court would reach the same conclusion even if the facts contained therein were considered. The Court will deny the Motion as moot.

ORDER RE: MOTION TO COMPEL FULL COMPLAINCE WITH COURT'S DISCOVERY ORDER - 1

The general background facts of this case have already been set forth by the Court in a prior Order. *See* Dkt. #66 at 2. Plaintiffs are individual citizens and residents of the People's Republic of China. Dkt. #3 at 2. Plaintiffs utilized the U.S. EB-5 immigration program, requiring investments of $500,000 in this country. On or about April 16, 2012, Plaintiffs entered into an escrow agreement with certain other Defendants related to these investments; Defendant U.S. Bank was the "Escrow Agent." *Id*. at 3. Plaintiffs plead that none of their visa petitions were approved, and that U.S. Bank then improperly disbursed their investment funds. *See* Dkt. #108 at 5–6. On December 3, 2015, Plaintiffs filed the instant lawsuit in the United States District Court for the District of Utah related to alleged losses from the actions of U.S. Bank. On July 11, 2016, the Utah Court granted a Motion to Transfer Venue and transferred to the Western District of Washington. Dkt. #40.

This case has been plagued by significant discovery issues. The Court agrees with this summary of the procedural situation from U.S. Bank:

> After Plaintiffs failed to comply with this Court's initial order requiring discovery by February 2019 (Dkt. #125), this Court's June 28, 2019, Order was very specific concerning the Plaintiffs' obligation to complete their document production. The Order states: "Plaintiffs shall produce all non-privileged documents responsive to U.S. Bank's Requests for Production of Documents contained in its First Set of Interrogatories and Requests for Production (reissued November 8, 2019) no later than 30 days from the date of this Order." Dkt. #147 (emphasis added). The order specifically included materials in the possession of their agents or counsel. *Id*. It also acknowledged the ongoing significant prejudice to U.S. Bank of noncompliance. *Id*.

Dkt. #169 at 6. U.S. Bank now contends that certain Plaintiffs did not comply with these deadlines, and that Plaintiffs have failed to search for relevant documents, failed to obtain documents in the possession of their immigration agents or counsel, failed to submit proper interrogatory answers, and failed to preserve relevant information. *Id*. Defense counsel states

ORDER RE: MOTION TO COMPEL FULL COMPLAINCE WITH COURT'S DISCOVERY ORDER - 2

via declaration that "[w]hile nearly all Plaintiffs did make at least some document productions by the [Court's] deadline, some did not," and that "[t]he vast majority (approximately 75%) of the Plaintiffs have continued to produce documents after the deadline…. There is no way for U.S. Bank to know how many Plaintiffs have failed to complete their production of documents." Dkt. #172 at 3–4. U.S. Bank cites to numerous deposition transcripts where Plaintiffs admitted they failed to produce all requested documents and failed to properly search their own records for responsive documents. *Id*. at 7–12.

In Response to the instant Motion, Plaintiffs argue that this case is unusually complex, and that "[n]o one has set out to violate orders of the Court." Dkt. #182 at 2. Plaintiffs' counsel state that they "will continue producing the documents they receive until the backlog is cleared." *Id*. Plaintiffs argue that U.S. Bank is attempting to impose unilateral timeframes for discovery to be produced. *Id*. at 4. Plaintiffs raise several irrelevant points, *e.g.* that "Plaintiffs as a group have responded to the Court's orders by producing to date 248,471 pages of documents, compared to about 9,000 pages by U.S. Bank," *id.* at 3, and "Plaintiffs have provided discovery responses that are far more revealing than those of the moving party, U.S. Bank," *id*. at 7. The Court is not shocked by the amount of paper generated by this case nor interested in finger-pointing.

From this record, it is clear to the Court that certain Plaintiffs have failed to comply with the Court's prior Order. Plaintiffs essentially admit this much. These were not "unilateral timeframes" imposed by U.S. Bank. The Court will thus move on to a discussion of the appropriate sanction.[1]

---

[1] The Court notes the argument from counsel representing some of Plaintiffs that U.S. Bank failed to meet and confer with that counsel before bringing this Motion. Dkt. #176 at 8. However, the Court agrees with U.S. Bank that, because counsel from the firm of Harris Bricken participated in the meet and confer conference on September 27, 2019, and that because Harris Bricken was still counsel of record for all Plaintiffs, the meet and confer requirement was satisfied. *See* Dkt. #190 at 2–3.

ORDER RE: MOTION TO COMPEL FULL COMPLAINCE WITH COURT'S DISCOVERY ORDER - 3

Rule 37 governs discovery sanctions. Rule 37(a) outlines the procedure for a Motion to Compel Discovery. Rule 37(b) provides sanctions for failure to comply with a Discovery Order. Rule 37(b)(2)(A) lists several available sanctions, which include "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims," "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," "staying further proceedings until the order is obeyed," and "dismissing the action or proceeding in whole or in part." In evaluating the propriety of sanctions, the Court looks at all incidents of a party's misconduct. *Henry v. Gill*, 983 F.2d 943, 947 (9th Cir. 1993).

Defendant U.S. Bank argues that "counsel cannot merely tell their clients to find responsive documents," and that "Plaintiffs and counsel have a duty to work together to "understand how and where electronic documents, records and emails are maintained and to determine how best to locate, review, and produce responsive documents." Dkt. #169 at 13 (citing *Orbit One Communs. v. Numerex Corp.*, 271 F.R.D. 429, 437 (S.D.N.Y. 2010); *Al Otro Lado, Inc. v. Nielsen*, 328 F.R.D. 408, 418 (S.D. Cal. 2018)). Defendants argue that the Court's prior Orders gave Plaintiffs "unequivocal notice that a court has asked that certain documents be produced." *Id.* at 12 (citing *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 787 (9th Cir. 2011)). U.S. Bank contends that, because "[d]ozens of Plaintiffs have produced documents long after this Court's second deadline, with no end in sight… [d]ismissal would be appropriate for the Non-Compliant Plaintiffs, and thus they each should be required to show cause why their claims should not be dismissed." *Id*. at 13–14.[2] U.S. Bank proposes Plaintiffs should have 14 days to submit such a show cause response. Dkt. #169-1 at 2. U.S. Bank also seeks monetary sanctions of $5,000 "given the many thousands in extra expenses being incurred by U.S. Bank," and for

---

[2] U.S. Bank's list of Non-Compliant Plaintiffs is available at Dkt. #172, ¶ 11.

ORDER RE: MOTION TO COMPEL FULL COMPLAINCE WITH COURT'S DISCOVERY ORDER - 4

all Plaintiffs who require a second day of deposition to be ordered to pay the associated fees and costs. Dkt. #169 at 14. Of course, U.S. Bank also seeks fees and costs associated with filing this Motion as proper under Rule 37(b)(2)(C). Fees and costs are appropriate "unless the failure of the disobedient party was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

In Response, Plaintiffs strongly oppose being forced to pay additional monetary sanctions, having already been sanctioned by the Court to the tune of $24,000. Plaintiffs argue that "it is facially not feasible for Plaintiffs' attorneys to contact all their Plaintiffs, write show cause responses, explain circumstances the Bank demands, and write a 24-page brief within 14 days." Dkt. #182 at 6. The Court finds these points persuasive to a certain extent. Plaintiffs suggest that the Court order a hearing to ask questions about the status of discovery, appoint a discovery master to more closely supervise the proceedings, or grant a continuance of trial. *Id*. at 7. Plaintiffs call the remedies sought by U.S. Bank "extremely punitive." *Id.* at 10.

The discovery problems at issue here are significant. They have prejudiced U.S. Bank's ability to depose Plaintiffs and prepare for its case. Whether or not Plaintiffs' contract claims against U.S. Bank are as simple as they allege, U.S. Bank is entitled to obtain relevant discovery proportional to this multi-million-dollar case. To the extent Plaintiffs note that some of the discovery requests at issue are improper or seek irrelevant information, they have not moved for a protective order. As such, the Court is left with the distinct impression that Plaintiffs are dragging their feet on turning over relevant information, or oblivious to the consequences of doing so.

The Court's goal here is not to punish Plaintiffs but to resolve this discovery dispute in a way that allows U.S. Bank to adequately defend itself, promotes respect for this Court's prior

ORDER RE: MOTION TO COMPEL FULL COMPLAINCE WITH COURT'S DISCOVERY ORDER - 5

Orders, and allows for adjudication of this case on the merits. Accordingly, having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1. Defendant U.S. Bank's Motion to Compel Full Compliance with Court's Discovery Order (Dkt. #169) is GRANTED IN PART.

2. Given the amount of time that has passed since the instant Motion was filed, Defendant U.S. Bank is to send to Plaintiffs' counsel a revised list of Non-Compliant Plaintiffs **no later than seven (7) days from the date of this Order**. U.S. Bank is DIRECTED to review this list in good faith and remove any Plaintiffs who have now complied with the discovery requests at issue. Remaining Non-Complaint Plaintiffs must then SHOW CAUSE to the Court why their claims against U.S. Bank should not be dismissed as a discovery sanction. Plaintiffs' counsel is advised to file a single response brief, not to exceed 24 pages. Attached to this filing must be a sworn declaration of each Plaintiff explaining the reasons for their discovery failures and their plan to timely comply with existing discovery obligations. This brief and attached declarations are due **no later than thirty (30) days from the date of this Order**. The claims against U.S. Bank of any Non-Complaint Plaintiff who does not timely submit a signed declaration will be dismissed.

3. Plaintiffs' discovery conduct has not been substantially justified. All Plaintiffs collectively shall pay U.S. Bank's reasonable expenses and fees incurred in bringing the Motion at Dkt. #169, and drafting the Reply brief at Dkt. #190 only. U.S. Bank shall serve and file a sworn declaration identifying its requested fees and expenses

**no later than fourteen (14) days from the date of this Order**, following which this Court will issue a further order specifying the amount awarded.

4. Defendant U.S. Bank's Motion for Leave to File Supplemental Brief (Dkt #201) is DENIED as MOOT.

5. No other relief requested by U.S. Bank is granted at this time.

DATED this 19th day of December 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE