UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHI CHEN, et al.,<br><br>  Plaintiffs,<br><br> v.<br><br>U.S. BANK NATIONAL ASSOCIATION, et al.,<br><br>  Defendants. | Case No. C16-1109 RSM<br><br>ORDER RE: ORDER TO SHOW CAUSE |

This matter comes before the Court on its December 19, 2019, Order to Show Cause. Dkt. #211. That Order stated, in part:

> …Defendant U.S. Bank is to send to Plaintiffs' counsel a revised list of Non-Compliant Plaintiffs…. U.S. Bank is DIRECTED to review this list in good faith and **remove** any Plaintiffs who have now complied with the discovery requests at issue. Remaining Non-Complaint Plaintiffs must then SHOW CAUSE to the Court why their claims against U.S. Bank should not be dismissed as a discovery sanction. Plaintiffs' counsel is advised to file a single response brief, not to exceed 24 pages. Attached to this filing must be a sworn declaration of each Plaintiff explaining the reasons for their discovery failures and their plan to timely comply with existing discovery obligations.

*Id* (emphasis added).

The Court has reviewed Plaintiffs' Response, Dkt. #223, and the attached declarations. Plaintiffs inform the Court that, rather than reviewing the list of Non-Compliant Plaintiffs and

ORDER RE: ORDER TO SHOW CAUSE - 1

removing individuals, "U.S. Bank served Plaintiffs with a list of (a) additional plaintiffs that were not included in U.S. Bank's underlying discovery motion, and (b) two additional lists of plaintiffs that U.S. Bank itself defined as 'possibly non-compliant' plaintiffs and 'not yet deposed plaintiffs'– two categories of plaintiffs that are completely outside the scope of the Order." *Id*. at 3–4; *see also* Dkt #228-1. Plaintiffs assure the Court that "all Plaintiffs subject to the Court's Order are now in full compliance with their discovery obligations." *Id*. at 1.

Dismissal is a harsh penalty, imposed only in extreme circumstances. *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987). However, where "counsel or a party has acted willfully or in bad faith in failing to comply with rules of discovery or with court orders enforcing the rules or in flagrant disregard of those rules or orders," the Court may exercise its discretion to dismiss. *G-K Properties v. Redevelopment Agency of San Jose*, 577 F.2d 645, 647 (9th Cir. 1978).

The Court's Order to Show Cause was not an invitation for U.S. Bank to increase the scope of the underlying Motion for Sanctions. Plaintiffs identified as "possibly non-compliant" or "not yet deposed" are not properly subjected to the Court's Order. Such labels have undoubtedly led to confusion and stress for Plaintiffs and wasted attorney time for their counsel.

In any event, the Court has reviewed the submitted declarations and finds dismissal to be an inappropriate sanction under the applicable standard. The original "noncompliant" Plaintiffs have supplemented their prior discovery and presented sufficient evidence that their prior discovery failures were not willful or in bad faith. There will be no further discovery sanctions at this time.

Going forward, the parties are advised to communicate in good faith about discovery issues and to attempt to resolve them out of court. If the Court finds that a party bringing a

ORDER RE: ORDER TO SHOW CAUSE - 2

future discovery motion has failed to operate in good faith it will not hesitate to deny that motion and sanction the moving party as appropriate and permitted under the rules.

DATED this 3 day of February 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER RE: ORDER TO SHOW CAUSE - 3