1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHI CHEN, et al., | Case No. 16-1109RSM |
| Plaintiffs, | ORDER RE: THE PARTIES' BELLWETHER TRIAL PROPOSALS |
| v. | |
| U.S. BANK NATIONAL ASSOCIATION, et al., | |
| Defendants. | |

On April 9, 2020, the Court granted Plaintiffs' Motion for Bellwether Trials and ordered the parties to "meet and confer telephonically to propose a single joint plan for proceeding with a bellwether trial involving at least two Plaintiffs." Dkt. #269. The Court provided the following guidance: "[i]n order to maximize representativeness, the Court directs the parties to work together to put forward a plan for a single bellwether trial that includes a small number of Plaintiffs selected by both sides who are ready to proceed. There may be appropriate Plaintiffs who are not represented by Corr Cronin."[1]  *Id.* at 4. The Corr Cronin Plaintiffs who moved for bellwether trials have now settled out of this case. *See* Dkts. #281, #287, #288. The Court notes that the remaining Plaintiffs, represented by different counsel, did not oppose the bellwether trial Motion and are, in any event, bound by the Court's Order.

---

[1] At the time, 81 Plaintiffs were represented by the law firm Harris Bricken and 10 were represented Corr Cronin.

ORDER RE: THE PARTIES' BELLWETHER TRIAL PROPOSALS - 1

The parties were unable to agree on a joint proposal.  On May 11, the Court received separate filings.  Dkts. #290 and #292.  Many pages are spent questioning whether a bellwether trial is required in this case and quibbling about attorney communication problems.  Setting aside those issues, it appears that U.S. Bank now proposes two bellwether plaintiffs who reside in China, do not speak English, and who have not completed discovery.  U.S. Bank seeks to depose these plaintiffs prior to trial.  Plaintiffs propose a single bellwether plaintiff who has been deposed, resides in the United States, and is more proficient in English.

The creation of a trial plan in a complex case, like the decision to sever claims or bifurcate trial, is well within the trial court's discretion.  *Jinro Am., Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 998 (9th Cir. 2001).  It is clear that further guidance is needed from the Court.  Counsel's inability to work together on this issue is disappointing.  U.S. Bank's proposal seems designed to sabotage a timely bellwether trial, while Plaintiffs have been unable to name more than one individual and appear to have failed to adequately communicate with U.S. Bank prior to the deadline.

Given all of the above, the Court will set the following procedure: 1) Plaintiffs' counsel is to send to U.S. Bank's counsel the names of four plaintiffs who will be ready for trial without further discovery; 2) U.S. Bank will select two from that group it believes to be satisfactorily representative for the first bellwether trial and send these names back to Plaintiffs' counsel. This selection process will be reversed if a second bellwether trial is necessary.

The Court fully expects counsel to execute this procedure in a professional, respectful manner without further hand-holding from the Court.  The Court notes that English proficiency is not a requirement for trial.  The inability of a bellwether plaintiff to travel to the United

States due to circumstances outside their control, such as the current COVID-19 pandemic, will be a valid basis to request a continuance of trial.

Having considered the applicable briefing submitted by the parties and the entire record, the Court hereby finds and ORDERS that the parties are to follow the above procedure for selecting two bellwether trial plaintiffs.  This is to be accomplished no later than seven (7) days from the date of this Order.  The parties are to subsequently meet-and-confer telephonically and file a joint status report within fourteen (14) days of this Order setting forth their expectations for the bellwether trial procedure.

DATED this 12th day of May, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER RE: THE PARTIES' BELLWETHER TRIAL PROPOSALS - 3