UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHI CHEN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>U.S. BANK NATIONAL ASSOCIATION, et al.,<br><br>　　　　Defendants. | Case No. 16-1109RSM<br><br>ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT ON PRELIMINARY INTEREST |

　　This matter comes before the Court on Plaintiff Song, Tengyao's Motion for Partial Summary Judgment. Dkt. #270. Plaintiff Song moves the Court to rule now, prior to trial and as a matter of law, that he is entitled to prejudgment interest running from the date U.S. Bank disbursed his funds out of escrow, September 10, 2012. *Id.* He argues that, if he prevails, this amount will be $453,534.24 on top of his underlying claim of $500,000. *Id*. at 2 n.1.

　　Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Prejudgment interest is based on the principle of "preventing the unjust enrichment of the defendant who has wrongfully delayed payment." *Polygon Nw. Co. v. Am. Nat. Fire Ins. Co.*, 143 Wn. App. 753, 189 P.3d 777, 794 (Wash. Ct. App. 2008). This is available when an amount claimed is

ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT ON PRELIMINARY INTEREST - 1

"liquidated," which occurs where "the evidence furnishes data which, if believed, make it possible to compute the amount with exactness, without reliance on opinion or discretion." *Hansen v. Rothaus*, 107 Wn.2d 468, 730 P.2d 662, 664 (1986).  The fact that a claim is disputed does not make it "unliquidated" so long as it may be determined by reference to an objective source.  *Egerer v. CSR W., LLC*, 116 Wn. App. 645, 67 P.3d 1128, 1133 (Wash. Ct. App. 2003).

Plaintiff Song argues that "[n]o matter how many liability, causation, equitable or other defenses U.S. Bank may continue to conjure up, the amount at issue is sufficiently fixed to authorize prejudgment interest," and that "[a] clearer case is hard to imagine." Dkt. #270 at 5.

Defendant U.S. Bank argues that this motion is premature and that there is a genuine dispute as to the amount of the alleged loss, precluding summary judgment.  Dkt. #275 at 3. The Court agrees on both points.  Although U.S. Bank's dispute of *liability* may be irrelevant to this Motion, U.S. Bank also presents sufficient evidence and argument to create a genuine dispute as to the *amount* of the alleged loss and the amount of time that prejudgment interest should accrue.  *See* Dkt. #275 at 17.  The Court finds it cannot compute the amount of prejudgment interest with exactness based on this record.  Even if it could be computed after an evidentiary hearing or supplemental briefing, the Court would exercise its discretion to defer this issue to after the first bellwether trial.

Having considered the applicable briefing submitted by the parties and the entire record, the Court hereby finds and ORDERS that Plaintiff Song's Motion for Partial Summary Judgment, Dkt. #270 is DENIED as premature.  Plaintiff may renew the Motion at a later date if appropriate.

ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT ON PRELIMINARY INTEREST - 2

DATED this 15th day of May, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT ON PRELIMINARY INTEREST - 3