UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHI CHEN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. BANK NATIONAL ASSOCIATION, et al., <br><br> Defendants. | Case No. C16-1109RSM <br><br> ORDER DENYING U.S. BANK'S MOTION TO DISMISS CLAIMS OF PLAINTIFF RUI MAO |

This matter comes before the Defendant U.S. Bank's Motion to dismiss the claims of bellwether plaintiff Rui Mao as a discovery sanction. Dkt. #314. Plaintiffs oppose. Dkt. #322. There has been no request for oral argument.

The full procedural background of this matter need not be restated as this Motion mainly deals with the back and forth of discovery attempts in the past year.

On May 9, 2019, U.S. Bank filed a Motion to Compel, noting, among other deficiencies, that the vast majority of Plaintiffs including Mao did not appear to have produced their complete email, WeChat, and other electronic communications. Dkt. #135. The Court granted the Motion on June 28, 2019, and ordered Plaintiffs to produce all non-privileged documents responsive to U.S. Bank's requests within 30 days. Dkt. #147.

ORDER DENYING U.S. BANK'S MOTION TO DISMISS CLAIMS OF PLAINTIFF RUI MAO - 1

Plaintiff Mao was deposed in June of 2019. He indicated that he had not necessarily preserved messages from WeChat and that he may have failed to preserve or produce relevant emails. *See, e.g.*, Dkt. #315-1 ("Mao Dep.") at 74:22-75:14, 78:9-15, 219:8-12, and 219:25-220:3. U.S. Bank decided to continue the deposition until the production deficiencies could be cured. On September 25, 2019, Mao made a supplemental production containing "107 documents, including 9 pages of WeChat communications, 13 emails, 26 documents attached to emails, and numerous other documents that had not been previously produced by Mao." Dkt. #315 ("Larson Decl."), ¶5.

On February 3, 2020, the Court issued an Order regarding a prior Order to Show Cause re: Discovery. Dkt. #238. The Court expressly found that the original "noncompliant" Plaintiffs (including Mao) had supplemented their prior discovery and "presented sufficient evidence that their prior discovery failures were not willful or in bad faith." *Id*. at 2. The Court rejected the idea of dismissing these Plaintiffs and refused to issue further discovery sanctions at that time. *Id*. U.S. Bank took no further steps to depose Mao as the COVID-19 pandemic began to spread from China to the entire world, affecting the parties' ability to conduct depositions.

On April 9, 2020, the Court issued an Order Denying U.S. Bank's Motion to Continue Case Schedule and Granting Plaintiffs' Motion for Bellwether Trials. Dkt. #269. The Court noted at that time that it "believes that the issues at trial will turn more on the actions of U.S. Bank than on the acts or knowledge of Plaintiffs, and it appears that discovery has already been completed in that regard. To the extent that the knowledge or actions of Plaintiffs is at issue, the Court has no reason to believe those questions cannot be answered as to Plaintiffs who have been deposed and otherwise completed discovery." *Id*. at 3. Plaintiffs state that, "[f]or over

ORDER DENYING U.S. BANK'S MOTION TO DISMISS CLAIMS OF PLAINTIFF RUI MAO - 2

five weeks – from April 9, 2020 to the May 18, 2020 discovery completion deadline in this case – U.S. Bank's counsel did not request or meet and confer with Plaintiffs' counsel regarding the completion of any Plaintiff's deposition, virtual or otherwise." Dkt. #323 ("McDonald Decl."), ¶ 3.

On May 7, 2020, the parties met and conferred regarding their Joint Bellwether Trial Plan.  Plaintiffs' counsel proposed filing a joint request for a thirty-day abeyance of all case deadlines, including the discovery completion deadline, pending the parties' completion of a mediation.  McDonald Decl. at ¶ 4. U.S. Bank's counsel refused to file the joint request, indicating they "expect [Plaintiffs] to timely complete [its] discovery as required." McDonald Decl. at ¶ 5.

On May 15, 2020, one business day before close of discovery, Plaintiffs proposed Mao as a bellwether plaintiff. Larson Decl. at ¶ 10.

Between May 14, 2020 and May 18, 2020, Plaintiffs completed five party and third-party depositions over the course of three days.  McDonald Decl. at ¶ 6.  Then, on May 21, 2020, three days after the discovery completion deadline, U.S. Bank for the first time requested Plaintiffs' counsel make Mao available for a second deposition.  McDonald Decl. at ¶ 7; Larson Decl. at ¶ 12.  Plaintiffs' counsel refused.

On June 16, 2020, U.S. Bank brought the instant Motion to dismiss Mao's claims as a discovery sanction under Rules 41 and 37.  Dkt. #314.

Dismissal is a harsh penalty, imposed only in extreme circumstances. *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987).  Where a court considers dismissal as a remedy for failure to comply with a court order, the court is to consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the

ORDER DENYING U.S. BANK'S MOTION TO DISMISS CLAIMS OF PLAINTIFF RUI MAO - 3

risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130). The "factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" *Id*. (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)). Additionally, the Court should consider the willfulness of the conduct. *Henry v Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1995) ("'disobedient conduct not shown to be outside the control of the litigant' is all that is required to demonstrate willfulness, bad faith, or fault") (citations omitted).

The Court finds that U.S. Bank has been dilatory in bringing this Motion on several fronts. First, the Court has already addressed many of U.S. Bank's arguments about Mao's discovery responses in prior Orders. To the extent that a discovery dispute remained, U.S. Bank should have brought a motion prior to the close of discovery. Even after the selection of Mao as a bellwether plaintiff, U.S. Bank waited several weeks to bring the instant Motion.

Further, the Court is not convinced, based on the balance of the evidence, that it was entirely Plaintiff Mao's fault that a second deposition was not scheduled in a timely fashion. This cuts against the willfulness of the conduct.

The Court notes that the proposed sanction—dismissal—is clearly an inappropriate remedy. Considering the public's interest in expeditious resolution of litigation, the Court's need to manage its docket, the risk of prejudice to U.S. Bank, the public policy favoring disposition of cases on their merits, and the availability of less drastic sanctions, it is clear that a Court-ordered second deposition of Mao is a much more appropriate sanction. However, U.S. Bank does not move for this relief, calling it "an option [] no longer available to U.S. Bank."

ORDER DENYING U.S. BANK'S MOTION TO DISMISS CLAIMS OF PLAINTIFF RUI MAO - 4

Dkt. #314 at 14. The suggestion in Plaintiffs' Response brief that this would be an appropriate sanction falls on deaf ears.

Given all of the above, the Court finds that U.S. Bank has failed to meet its burden for obtaining the relief it requests. Having considered the applicable briefing submitted by the parties and the entire record, the Court hereby finds and ORDERS that Defendant U.S. Bank's Motion to dismiss bellwether Plaintiff Rui Mao as a discovery sanction, Dkt. #314, is DENIED.

DATED this 12th day of August, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE